1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PAUL LA STRAPE, | 1:08cv784 OWW DLB |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| E & J GALLO WINERY, et al., | |
| Defendants. | |

Plaintiff Lawrence Paul La Strape ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on June 4, 2008.  The action was originally filed in the Sacramento division but was transferred to this Court on June 5, 2008.  Plaintiff alleges discrimination based on race under federal and state law, as well as numerous state common law claims.  He names E & J Gallo and specific employees as Defendants.

## **DISCUSSION**

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

1  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
2  cured by amendment.

3      In reviewing a complaint under this standard, the Court must accept as true the allegations
4  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
6  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8      Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
9  showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  Rule 8(a) expresses the
10  principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every
11  fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant
12  fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v.
13  Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S.
14  41, 47, 78 S.Ct. 99 (1957)).

15  B.    Plaintiff's Allegations

16      According to his complaint, Plaintiff began employment with Defendant E & J Gallo on
17  April 3, 2007.  He alleges that soon thereafter, he was falsely accused of being under the
18  influence of crystal methamphetamine and possessing the drug for use and sale.  Plaintiff was
19  placed on paid leave for one week, but returned to work when all tests came back negative.
20  "However, the scrutiny, aggravation, retaliation, hostile work environment and harassment
21  proved too much and Plaintiff was forced to resign and accept a three month severance pay."
22  Complaint, at 3.  He adds that he was under "extreme duress."  Complaint, at 3.

23      In the next paragraph, Plaintiff contends that he suffered "sexual discrimination" because
24  one of his supervisors was taking pictures of him for an unknown reasons.  Complaint, at 3.

25      He requests declaratory, injunctive and monetary relief.

26      Plaintiff provides additional information in his declaration, which he attaches to the
27  complaint.  Summarizing his statements, it appears that he was taken to the Human Resources
28  office on May 7, 2007, after being "verbally ridicule[d]" the prior day by Stacey Hammons, a

1   fellow employee and Defendant.  He contends that he was accused of crystal methamphetamine
2   use and trafficking and interrogated on the subject.  He further contends that Defendants Allison
3   Johnson, John Navarro, Stacey Hammons and Robert Dye collaborated, conspired and plotted to
4   have him arrested for drugs and eventually terminated.  Plaintiff suspects that he was framed by a
5   fellow co-worker, who claimed that a bag of crystal methamphetamine fell from Plaintiff's fanny
6   pack.  After all tests came back negative, Plaintiff, who describes himself as "Black, Comanche
7   Indian, [and] Jewish," was reinstated to his usual position on May 15, 2007.

8          He then alleges that he was repeatedly harassed and criticized in an attempt to make him
9   resign.  He states that he was offered a two month severance package but "eventually agreed
10  (under extreme duress) on a three month severance package, approved by GALLO, Vice
11  President, Ulli Thiersch."  Prior to leaving, Plaintiff was "presented with a letter of apology for
12  all the stress, harassment and grief inflicted" on him.  His last day of employment with Defendant
13  was June 16, 2007.

14         As a result of these events, Plaintiff alleges that he suffers from insomnia, migraine
15  headaches, depression, anxiety attacks and fear.  He states that his tires have been punctured and
16  that he has received death threats.  Although Plaintiff has been searching, he has yet to find
17  another job, and states that Defendant continuously gives prospective employers negative
18  references.

19  C.   Analysis

20         1.   *Rule 8(a)*

21         Although Plaintiff attempts to allege many causes of action and provides a rather detailed
22  description of his alleged experiences, his narrative-style complaint/declaration is insufficient to
23  state legally cognizable causes of action.  It is Plaintiff's burden, not that of the Court, to
24  separately identify claims and state facts in support of each claim.  For example, if Plaintiff
25  wishes to allege causes of action for discrimination, wrongful termination and retaliation, he
26  must separate out those three claims and state facts in support of each individual claim.  The
27  Court will not sift through the complaint/declaration and guess which facts go to which claim.

28         As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8(a). In addition to the following legal standards, Plaintiff is advised that his complaint must contain all necessary allegations. Attaching a lengthy declaration to a factually insufficient complaint will not suffice.

2.    *Applicable Legal Standards*

In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

a.    Title VII and FEHA Claims

The crux of Plaintiff's complaint appears to be his belief that he was discriminated against because of his race. In this regard, he attempts to state causes of action under both federal (42 U.S.C. § 2000 et seq.) and state law (Cal. Gov. Code § 12900, et seq. ("Fair Employment and Housing Act, or FEHA")). The elements, however, are the same. See Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 n. 2 (9th Cir.1997) ("[T]he test for determining whether there is discrimination under Title VII applies to FEHA claims as well.").

Plaintiff should keep in mind that Title VII does not provide a cause of action for damages against supervisors or fellow employees. Holly D. v. California Institute of Technology, 339 F.3d 1158 (9th Cir. 2003). Similarly, individuals, including supervisors, cannot be held personally liable under FEHA for discrimination or retaliation. Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158 (2008); Reno v. Baird, 18 Cal.4th 1158 (1998).

*Exhaustion Requirement*

As a threshold matter, Plaintiff is informed that both Title VII and FEHA have exhaustion requirements that must be met prior to filing a court action. A person seeking relief under Title

4

1  VII must first file a charge with the Equal Employment Opportunity Commission ("EEOC")

2  within 180 days of the alleged unlawful employment practice, or, if the person initially instituted

3  proceedings with the state or local administrative agency, within 300 days of the alleged unlawful

4  employment practice.  42 U.S.C. § 2000e-5(e)(1).  If the EEOC does not bring suit based on the

5  charge, the EEOC will issue a "right to sue letter."  42 U.S.C. § 2000e-5(f)(1).  Once a person

6  received this letter, he has 90 days to file suit.  42 U.S.C. § 2000e-5(f)(1).

7      Similarly, "[i]n order to bring a civil action under FEHA, the aggrieved person must

8  exhaust the administrative remedies provided by law," which requires filing a written charge with

9  the Department of Fair Employment and Housing within one year of the alleged unlawful

10  employment discrimination, and obtaining notice from DFEH of the right to sue.  Rodriguez v.

11  Airborne Express, 265 F.3d 890 (9th Cir. 2001)(internal citations omitted).

12      Plaintiff should consider whether he has met the exhaustion requirement in amending his

13  complaint.

14          *Wrongful Termination*

15      Wrongful termination, actual or constructive, is actionable under Title VII and/or FEHA

16  if the terminated employee can show that the employer discharged him for discriminatory

17  reasons.  See Watson v. Nationwide Ins. Co, 823 F.2d 360, 361 (9th Cir.1987).  Since Plaintiff

18  resigned his employment, he would be proceeding under constructive termination, which requires

19  a showing that the working environment at was "so intolerable that a reasonable person would

20  have felt compelled to resign."  Pennsylvania State Police v. Suders, 542 U.S. 129 (2004).

21          *Retaliation*

22      Title VII and FEHA prohibit retaliation against an employee "because he has opposed any

23  practice made an unlawful employment practice by this title" 42 U.S.C. § 2000e-3(a).  The law

24  protects an employee from discrimination "because" the employee has opposed what he

25  reasonably believes to be an unlawful practice.  Nelson v. Pima Community College, 83 F.3d

26  1075 (9th Cir. 1996).  To make out a prima facie case of retaliation, a plaintiff must show (1) that

27  he engaged in protected activity; (2) that he suffered an adverse employment action; and (3) that

28  a causal connection existed between the protected activity and the adverse action.  See Tarin, 123

1   F.3d at 1264.  A showing that the adverse action closely followed the protected activity satisfies

2   the third element of the prima facie case. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 731

3   (9th Cir.1986).

4                    *Harassment*

5          The elements of a prima facie claim of environmental sexual harassment under FEHA

6   and Title VII are: (1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to

7   unwelcome sexual harassment by a supervisor or employer; (3) the harassment complained of

8   was based on sex; and (4) the harassment complained of was sufficiently pervasive so as to alter

9   the conditions of employment and create an abusive working environment.  Fisher v. San Pedro

10  Peninsula Hosp., 262 Cal.Rptr. 842, 851 (1989).

11                 b.       Civil Rights Claims

12                    *42 U.S.C. § 1983*

13         Plaintiff cannot state a civil rights claim under section 1983 because Defendants are not

14  government actors.  To state a claim under section 1983, a plaintiff must allege that (1) the

15  defendant acted under color of state law and (2) the defendant deprived him of rights secured by

16  the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

17  2006).  There is no indication that Defendants were acting under color of state law.

18                    *42 U.S.C. § 1981*

19         42 U.S.C. § 1981 prohibits race-based employment discrimination in both the

20  public and private sectors.  42 U.S.C. § 1981(a); Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir.

21  1989).  When analyzing a section 1981 claim, courts apply "the same legal principles as those

22  applicable in a Title VII disparate treatment case."  Id. at 930 (quoting Fonseca v. Sysco Food

23  Servs. of Ariz. Inc., 374 F.3d 840, 850 (9th Cir.2004)).  The elements of a section 1981 action

24  are therefore the same as those in a Title VII action, described above.

25                    *42 U.S.C. §§ 1985 and 1986*

26         Section 1985 proscribes conspiracies to interfere with an individual's civil rights, while

27  section 1986 "authorizes a remedy against state actors who have negligently failed to prevent a

28  conspiracy that would be actionable under § 1985."  Cerrato v. San Francisco Cmty. Coll. Dist.,

1  26 F.3d 968, 971 n.7 (9th Cir. 1994).  Both sections 1985 and 1986, however, require

2  involvement of state actors.  For the same reasons Plaintiff cannot state a cause of action under

3  section 1983, he cannot do so under either sections 1985 or 1986.

4        c.    State Law Claims

5           *Wrongful Termination in Violation of Public Policy*

6        To establish a claim for wrongful termination in violation of public policy, Plaintiff must

7  show that he was dismissed in violation of a public policy that is (1) embodied in a statute or

8  constitutional provision, (2) beneficial to the public, (3) articulated at the time of discharge, and

9  (4) fundamental.  See Stevenson v. Superior Court, 16 Cal.4th 880, 66 Cal.Rptr.2d 888, 941 P.2d

10  1157, 1161 (1997).

11           *Slander*

12        To state a claim for slander, Plaintiff must establish "the intentional [oral] publication of

13  a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes

14  special damage."  Smith v. Maldonado, 72 Cal.App.4th 637, 645 (1999); Cal. Civ.Code § 46.

15  Publication means "communication to a third person who understands the defamatory meaning

16  of the statement and its application to the person to whom reference is made."  Id.  General

17  allegations of the defamatory statements that do not identify the substance of what was said are

18  insufficient, even under the more liberal federal pleading standards.  See Silicon Knights, Inc. v.

19  Crystal Dynamics, Inc., 983 F.Supp. 1303, 1314 (N.D.Cal.1997) (holding that "the words

20  constituting a libel or slander must be specifically identified, if not pleaded verbatim").

21           *False Imprisonment*

22        Under California law, false imprisonment is the "'unlawful violation of the personal

23  liberty of another.'"  Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998)

24  (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "The elements of a tortious

25  claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2)

26  *without lawful privilege*, and (3) for an appreciable period of time, however brief."  Lyons v. Fire

27  Ins. Exchange, 161 Cal.App.4th 880, 888 (2008) (internal citations omitted)(emphasis added).

28  ///

1  *Intentional and Negligent Infliction of Emotional Distress*

2  Under California law, the elements of intentional infliction of emotional distress are: (1)

3  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

4  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

5  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

6  defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996)

7  (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).

8  Negligent infliction of emotional distress, however, is not an independent tort, but the tort

9  of negligence, Burgess v. Superior Court, 2 Cal.4th 1064 (1992), and "contains the traditional

10  elements of duty, breach of duty, causation and damages." Jacoves v. United Merchandising

11  Corp., 9 Cal.App.4th 88, 106 (Ct. App. 1992).  To the extent Plaintiff is attempting to pursue a

12  separate claim for relief for the negligent infliction of emotional distress, he may not do so.

13  **CONCLUSION**

14  For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND.

15  Plaintiff's amended complaint is due within thirty (30) days of the date of service of this order.  If

16  Plaintiff fails to file an amended complaint, the Court will recommend that this action be

17  dismissed for failure to follow a court order.

18  Plaintiff is reminded that an amended complaint supercedes the original complaint,

19  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

20  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

21  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

22  original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

23  at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

24  Forsyth, 114 F.3d at 1474.

25  IT IS SO ORDERED.

26  **Dated:** __**June 20, 2008**__          _____**/s/ Dennis L. Beck**_____
                                          UNITED STATES MAGISTRATE JUDGE

27

28